UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER WAYNE RIEMERSMA, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-106 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| PATRICIA CARUSO, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

# **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner fails to raise a meritorious federal claim.

**Discussion**

  I.  Factual allegations

Petitioner is currently incarcerated in the Bellamy Creek Correctional Facility. Petitioner pleaded guilty in the Kent County Circuit Court to breaking and entering a building with intent to commit larceny, MICH. COMP. LAWS § 750.110, and to being a second habitual offender, MICH. COMP. LAWS § 769.10. On March 5, 1985, Petitioner was sentenced to imprisonment of four to twenty-two-and-a-half years. While Plaintiff was incarcerated, he pleaded guilty in the Branch County Circuit Court to the misdemeanor offense of attempted aggravated assault, MICH. COMP. LAWS § 750.81a. Petitioner was sentenced on July 7, 1995, to imprisonment of ninety days for the assault conviction. Pursuant to the consecutive sentencing statute, the sentence imposed was made to run consecutively to the 1985 conviction. *See* MICH. COMP. LAWS § 768.7a(1).[1]

In calculating Petitioner's minimum and maximum release dates, the Michigan Department of Corrections (MDOC) added the ninety-day determinate sentence to both his minimum sentence of four years and his maximum sentence of twenty-two-and-a-half years pursuant to MICH. COMP. LAWS § 791.234(3), which provides:

> If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum

---

[1] MICH. COMP. LAWS § 768.7a(1) states:

A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

> terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

According to the MDOC, Petitioner had an earliest release date of September 21, 1995, and has a maximum release date of November 1, 2005.

Petitioner argues that MICH. COMP. LAWS § 791.234(3) does not apply to his ninety-day determinate sentence, and, thus, the MDOC erred by adding the ninety days to both his existing minimum and maximum sentences for the breaking and entering conviction. Petitioner argues that because he has already served the ninety days on his minimum sentence, he will have fully served his maximum sentences on August 1, 2005, not November 1, 2005, as stated by the MDOC. Petitioner also claims that by adding the ninety-day sentence to both his minimum and maximum prison terms, the MDOC violated his Fifth Amendment right against double jeopardy. In addition, Petitioner claims that the Branch County Circuit Court ordered him to serve the ninety-day misdemeanor sentence in prison, in violation of MICH. COMP. LAWS § 769.28. He further contends that serving his misdemeanor sentence in prison, rather than in a county jail violated his Fourteenth Amendment due process rights because he is being deprived of "sheriff good time" of one day for every five days served.

For relief, Plaintiff seeks an order requiring Respondent to terminate the ninety-day misdemeanor sentence and to reduce his maximum discharge date by ninety days. If he is required to serve the ninety-day sentence at the end of his twenty-two and a half year sentence, he seeks credit for fourteen days of sheriff's good time.

II.     Merits

Petitioner first claims that he fully served his ninety-day misdemeanor conviction on his minimum sentence, and, thus, is entitled to release from prison on August 1, 2005, not November 1, 2005, as stated by the MDOC. Petitioner does not argue that he was improperly sentenced under the consecutive sentencing statute, MICH. COMP. LAWS § 768.7a(1), such that the ninety-day term of imprisonment imposed for the misdemeanor conviction began to run upon the expiration of his maximum sentence for the larceny conviction. Petitioner has no constitutional or inherent right to be released before the expiration of his maximum prison sentences. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Petitioner will not have fully served his maximum sentences until ninety days after he has served his twenty-two-and-a-half year maximum sentence on his 1985 conviction. Therefore, he is not constitutionally entitled to release until November 1, 2005. Under MICH. COMP. LAWS § 791.234(3), a prisoner's minimum sentence is used only for purposes of determining when a prisoner is eligible for release on parole. The use of Petitioner's misdemeanor conviction to calculate his minimum sentence is without constitutional consequence because Petitioner does not possess a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).

Moreover, Petitioner's double jeopardy claim is clearly without merit. The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This clause protects against multiple punishments for the same offense. *See North United States v. Dixon*, 509 U.S. 688, 696 (1993); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Costo v. United States*, 904 F.2d 344 (6th Cir. 1990). As explained above, Petitioner was sentenced to serve his misdemeanor conviction consecutively to his

sentence on his larceny conviction. The fact that the misdemeanor sentence also was applied to Petitioner's minimum sentence to determine parole eligibility does not constitute multiple punishments for the same offense.

Petitioner also claims that the Branch County Circuit Court ordered him to serve the ninety-day misdemeanor sentence in a state prison, in violation of MICH. COMP. LAWS § 769.28, which provides that sentences of one year or less shall be served in the county jail, "and not in a state penal institution." He contends that serving his misdemeanor sentence in prison, rather than in a county jail, violated his Fourteenth Amendment due process rights because he is being deprived of "sheriff good time" of one day for every five days served. To establish a procedural due process violation, Petitioner must show that Respondent deprived him of a constitutionally protected liberty interest. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. May 7, 2002). Liberty interests that are protectable under the Due Process Clause can arise either directly from the Constitution, or indirectly from the laws of the states. *Id.* The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). Moreover, contrary to his assertions, Petitioner does not derive a liberty interest from state law. In *People v. Weatherford*, 483 N.W.2d 924 (Mich. Ct. App. 1992), the Michigan Court of Appeals held that "prisoners who commit crimes while incarcerated as defined in the consecutive sentencing statute must serve any resulting consecutive sentence in the custody of the Department of Corrections, not in the county jail, notwithstanding the provisions of M.C.L. § 769.28; M.S.A. § 28.1097(1)." *Id.* at 927. Because he has no liberty interest at stake,

Plaintiff cannot state a due process claim arising from his confinement to prison, rather than a county jail, while he serves his ninety-day sentence for attempted aggravated assault.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:  April 27, 2005                    /s/   David W. McKeague
                                          David W. McKeague
                                          United Stated District Judge